**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Troyce "Tabatha" Braninburg, | No. CV 1-08-1457-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Coalinga State Hospital, et al., | |
| Defendants. | |

Plaintiff Troyce "Tabatha" Braninburg, who is confined in the Coalinga State Hospital in Coalinga, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a February 13, 2009 Order, the Court dismissed Plaintiff's Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

**I.     Pending Motion**

On March 10, 2009, Plaintiff filed a Motion for 30 Days Expansion of Time (Doc. #9), seeking additional time to file his amended complaint. The Court, in its discretion, will grant Plaintiff a 30-day extension of time to file his amended complaint.

**II.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include

JDDL-K

1 a motion for other relief with a notice of change of address. Failure to comply may result in
2 dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the Court's February 13, 2009 Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order and the Court's February 13, 2009 Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for 30 Days Expansion of Time (Doc. #9) is **granted**.

(2)     Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order and the Court's February 13, 2009 Order.

. . . .

. . . .

. . . .

(3)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 17th day of March, 2009.

_____
Mary H. Murguia
United States District Judge