**WO**                                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Troyce "Tabitha" Braninburg, ) | No. CV 1-08-1457-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Coalinga State Hospital, et al., ) | |
| Defendants. ) | |

**I.   Background**

Plaintiff Troyce "Tabitha" Braninburg alleges that he[1] is a transgendered female who is civilly confined as a sexually violent predator in the Coalinga State Hospital in Coalinga, California.

Plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a February 13, 2009 Order, the Court dismissed Plaintiff's Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order. On March 10, 2009, Plaintiff filed a Motion for 30 Days Expansion of Time, which the Court granted in a March 19, 2009 Order.

On April 24, 2009, Plaintiff filed a First Amended Complaint. In a May 14, 2009 Order, the Court dismissed Plaintiff's First Amended Complaint, pursuant to Rule 41(b) of

---

[1] Plaintiff refers to himself as "he"; the Court will do the same.

**JDDL**

the Federal Rules of Civil Procedure, because Plaintiff had failed to comply with the Court's Order requiring Plaintiff to submit his First Amended Complaint on the form provided with the February 13, 2009 Order. The Court gave Plaintiff 30 days to file a second amended complaint on the form provided with the Order.

On June 15, 2009, Plaintiff filed a Second Amended Complaint. On July 8, 2009, Plaintiff filed a Letter that the Court construed as a motion for leave to amend the second amended complaint. In an August 17, 2009 Order, the Court granted Plaintiff 30 days to file a third amended complaint.

On September 14, 2009, Plaintiff filed a Third Amended Complaint (Doc. #16).

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

1 experience and common sense." <u>Id.</u> at 1950. Thus, although a plaintiff's specific factual
2 allegations may be consistent with a constitutional claim, a court must assess whether there
3 are other "more likely explanations" for a defendant's conduct. <u>Id.</u> at 1951.

**III.   Third Amended Complaint**

All causes of action alleged in Plaintiff's original, First Amended, and Second Amended Complaints are waived if they are not alleged in his Third Amended Complaint. <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); <u>King v. Atiyeh</u>, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Third Amended Complaint with respect to only those Defendants specifically named in the Third Amended Complaint.

In his seven-count Third Amended Complaint, Plaintiff sues the following individuals: Unit 5 Supervisor Leticia Avila; Unit 8 Supervisor Miriam Jova; Unit 14 Supervisor James Walters; Unit 14 Social Worker Sydney Pachardo; Psychiatric Technicians Tamica Woods and Eddie Reed; Two Unidentified California Department of Corrections and Rehabilitation (CDCR) Officers employed at the Pleasant Valley State Prison; Drs. Denise Taylor, Fletcher, Henry Adams, and Joginder Singh; Program One Director Daniel Meeks; and Does 1-99. In each Count, Plaintiff alleges a violation of his due process and equal protection rights.

In Count One, Plaintiff contends that he was sexually harassed by numerous patients and informed Defendant Avila about the harassment. Plaintiff alleges that Defendant Avila was deliberately indifferent to Plaintiff's safety and security needs because Defendant Avila took no remedial action to stop the sexual harassment.

In Count Two, Plaintiff asserts that, in addition to continual sexual harassment by numerous patients, he was physically attacked by a patient twice in July 2008. Plaintiff alleges that Defendants Woods, Walters, Reed and Pachardo were deliberately indifferent to Plaintiff's safety and security needs. Plaintiff alleges that he tried to talk to Defendant Pachardo, the unit social worker, a few days after the first attack, but Defendant Pachardo refused to talk to Plaintiff and Plaintiff ended up calling a local crisis hotline. Plaintiff claims

that Defendant Reed witnessed the second attack and "merely stood by, doing nothing," even after Plaintiff yelled for Defendant Reed to pull the electronic signaling device Defendant Reed carried to summon other staff during "exigent circumstances." Plaintiff asserts that Defendant Walters asked Plaintiff if he was sexually active and other personal questions regarding Plaintiff's sexual preferences and sexuality. Plaintiff alleges that, although Defendant Walters claimed he asked these questions to all patients, he did not. Plaintiff makes no specific claims against Defendant Woods.

In Count Three, Plaintiff alleges that Defendant Taylor prescribed medication that "was contraindicated with other medication [Plaintiff] was taking," and Plaintiff suffered a seizure and other negative effects from taking the medication Defendant Taylor prescribed. Plaintiff contends that Defendant Taylor was either "negligent" or "deliberately indifferent by not inquiring as to what other medications [Plaintiff] was taking."

In Count Four, Plaintiff alleges that Defendants Two Unidentified CDCR Officers fondled his breasts before transporting Plaintiff for medical treatment outside the Coalinga State Hospital and placed metal mechanical restraints on Plaintiff's legs so tightly that they cut into Plaintiff's skin and his legs bled.

In Count Five, Plaintiff alleges that he requested a depilatory because maintaining a feminine appearance is very important to him. Plaintiff alleges that a doctor prescribed a depilatory and electrolysis, but the Coalinga State Hospital refused to fill the prescription and denied Plaintiff electrolysis. After a doctor prescribed a depilatory creme, Defendant Fletcher "wrote a non-formulary prescription," and another doctor approved it. When Unit Staff informed Plaintiff that the pharmacy had misplaced the prescription, Defendant Fletcher rewrote the prescription, but a different doctor denied it. The pharmacy refused to fill Defendant Fletcher's prescription on grounds that it was not cost effective. An appointment for electrolysis was cancelled due to a lack of funds.

In Count Six, Plaintiff alleges that a patient threatened to kill or hurt Plaintiff. After Plaintiff returned from a court hearing, Plaintiff was assigned to be housed in a dorm with the patient who had threatened him. The patient once again threatened to hurt or kill

1 Plaintiff. Defendants Singh and others refused to reassign Plaintiff to different housing. 2 Later, the patient and another individual moved Plaintiff's bed into the hallway. On the bed 3 was a towel smeared with feces and the words "FAG GO" spelled out in toothpaste. Plaintiff 4 alleges that Defendants Adams, Singh, and Meeks refused to reassign Plaintiff. Plaintiff 5 contends that he was ultimately moved to other housing, where he has been "segregated and 6 discriminated" against by Defendant Meeks and nonparties.

7 In Count Seven, Plaintiff alleges that "Defendants" have denied him medical care as 8 a "'cost saving' measure." Plaintiff contends that "Defendants" have stopped sending him 9 to a virologist and have stopped his hormone therapy, and that he is not "being offered any 10 pain medications." Plaintiff states that he has been told that there are no funds available to 11 pay the specialist.

12 In his Request for Relief, Plaintiff seeks declaratory and injunctive relief and 13 monetary damages.

14 **IV.   Failure to State a Claim**

15     **A.   Failure to Link Defendant with Injuries**

16 Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 17 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. 18 Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, 19 a liberal interpretation of a civil rights complaint may not supply essential elements of the 20 claim that were not initially pled. Id.

21 To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific 22 injury as a result of specific conduct of a defendant and show an affirmative link between the 23 injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 24 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's 25 position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights 26 does not impose liability. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691-27 92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 28 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits,

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

The Court will dismiss Defendant Jova because Plaintiff has asserted no claims against her. The Court will dismiss Count Seven because Plaintiff has failed to link the conduct described in Count Seven with any named defendant. Plaintiff has made no specific claims against Does 1-99 and conclusory allegations that a group of individuals have violated a constitutional right are not acceptable. Therefore, the Court will also dismiss Defendant Does 1-99.

Although Plaintiff states in Count Two that Defendant Woods and others were deliberately indifferent to Plaintiff's safety and security needs, Plaintiff has not made any specific allegations against Defendant Woods. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Therefore, the Court will dismiss Defendant Woods.

## B.   Deliberate Indifference

Plaintiff's claims regarding unconstitutional conditions of confinement arise from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979); see also Youngberg v. Romeo, 457 U.S. 307, 319-21 (1982). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to a plaintiff's health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw the inference." <u>Id.</u> at 837 (emphasis added).

In Count Two, Plaintiff alleges that he tried to talk to Defendant Pachardo, the unit social worker, after Plaintiff had been attacked, but Defendant Pachardo refused to talk to Plaintiff and, therefore, Plaintiff ended up calling a local crisis hotline. Defendant Pachardo's inaction does not rise to the level of deliberate indifference. <u>See</u> <u>Farmer</u>, 511 U.S. at 834 (the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities."). Therefore, the Court will dismiss Plaintiff's claim in Count Two against Defendant Pachardo.

In Count Two, Plaintiff claims that Defendant Walters asked Plaintiff if he was sexually active and other personal questions regarding Plaintiff's sexual preferences and sexuality. "'Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) (quoting <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir. 1979)). Therefore, the Court will dismiss Plaintiff's claim in Count Two against Defendant Walters.

### C. Deliberate Indifference - Medical

Not every claim by an involuntarily committed individual that he has received inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. <u>Jett</u>, 439 F.3d at 1096 (quotations omitted).

To act with deliberate indifference, an official must both know of and disregard an excessive risk to a plaintiff's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. <u>Farmer</u>, 511 U.S. at 837. Deliberate indifference in the medical context may

be shown by a purposeful act or failure to respond to a plaintiff's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when an official intentionally denies, delays, or interferes with medical treatment or by the way institutional doctors respond to the plaintiff's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. Medical malpractice or negligence is insufficient to establish an Eighth Amendment violation. Toguchi, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Id. at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429 F.3d at 1096. The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

Plaintiff's allegations against Defendant Taylor in Count Three might constitute negligence or medical malpractice, but they do not rise to the level of deliberate indifference. The Court, therefore, will dismiss Count Three and Defendant Taylor.

The only named Defendant in Count Five is Defendant Fletcher. Plaintiff has failed to describe any conduct by Defendant Fletcher that remotely rises to the level of deliberate indifference. Thus, the Court will dismiss Defendant Fletcher and Count Five.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a claim in Count One against Defendant Avila; a claim in Count Two against Defendant Reed; a claim in Count Four against Defendants Two Unidentified CDCR Officers; and a claim in Count Six against Defendants Adams, Singh, and Meeks.

The Court will not direct that service be made on Defendants Two Unidentified CDCR Officers at this time. The Court is unable to identify these individuals, and, as a practical matter, it is virtually impossible for the United States Marshal to serve a summons

1  and complaint upon unknown persons. However, the Court will not dismiss the claims
2  against these Defendants at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th
3  Cir. 1999) (where identity of defendants is unknown prior to filing of complaint, plaintiff
4  should be given an opportunity through discovery to identify the unknown defendants, unless
5  it is clear that discovery would not uncover the identities or that the complaint would be
6  dismissed on other grounds).

7  Plaintiff may use the discovery process to obtain the names of Defendants Two
8  Unidentified CDCR Officers. If Plaintiff later discovers the identities of these Defendants,
9  Plaintiff should seek to amend his Third Amended Complaint to name them. Pursuant to
10 Rule 15 of the Federal Rules of Civil Procedure, a party may amend the party's pleading
11 once as a matter of course at any time before a responsive pleading is served. Otherwise, a
12 party may amend the party's pleading only by leave of court or by written consent of the
13 adverse party.

**VI.   Warnings**

**A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts Three, Five, and Seven are **dismissed** without prejudice.

(2) Defendants Jova, Walters, Pachardo, Woods, Taylor, Fletcher, and Does 1-99 are **dismissed** without prejudice.

(3) Defendant Avila must answer Count One; Defendant Reed must answer Count Two; Defendants Adams, Singh, and Meeks must answer Count Six.

(4) The Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint (Doc. #16), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Avila, Reed, Adams, Singh, and Meeks.

(5) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit with the Notice of Submission of Documents: a copy of the Third Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(6) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(7)   **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.**  See **Fed. R. Civ. P. 41(b).**

DATED this 15th day of October, 2009.

_____
Mary H. Murguia
United States District Judge