MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Troyce "Tabitha" Braninburg,           )   No. CV 1-08-1457-MHM
                                        )
      Plaintiff,                        )   **ORDER**
                                        )
vs.                                     )
                                        )
Coalinga State Hospital, et al.,        )
                                        )
      Defendants.                       )
_____)

**I.    Background**

      Plaintiff Troyce "Tabitha" Braninburg alleges that he[1] is a transgendered female who is civilly confined as a sexually violent predator in the Coalinga State Hospital in Coalinga, California.

      On September 29, 2008, Plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. This case was reassigned to the undersigned judge on November 24, 2008. In a February 13, 2009 Order, the Court dismissed Plaintiff's Complaint because Plaintiff had failed to state a claim and gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order. On March 10, 2009, Plaintiff filed a Motion for 30 Days Expansion of Time, which the Court granted in a March 19, 2009 Order.

. . . .

---

[1] Plaintiff refers to himself as "he"; the Court will do the same.

1    On April 24, 2009, Plaintiff filed a First Amended Complaint. In a May 14, 2009
2    Order, the Court dismissed Plaintiff's First Amended Complaint, pursuant to Rule 41(b) of
3    the Federal Rules of Civil Procedure, because Plaintiff had failed to comply with the Court's
4    Order requiring Plaintiff to submit his First Amended Complaint on the form provided with
5    the February 13, 2009 Order. The Court gave Plaintiff 30 days to file a second amended
6    complaint on the form provided with the Order.

7    On June 15, 2009, Plaintiff filed a Second Amended Complaint. On July 8, 2009,
8    Plaintiff filed a Letter that the Court construed as a motion for leave to amend the second
9    amended complaint. In an August 17, 2009 Order, the Court granted Plaintiff 30 days to file
10   a third amended complaint.

11   On September 14, 2009, Plaintiff filed a seven-count Third Amended Complaint. In
12   an October 20, 2009 Order, the Court dismissed Counts Three, Five, and Seven, and
13   Defendants Jova, Walters, Pachardo, Woods, Taylor, Fletcher, and Does 1-99. The Court
14   concluded that, liberally construed, Plaintiff had stated a claim in Count One against
15   Defendant Avila; a claim in Count Two against Defendant Reed; a claim in Count Four
16   against Defendants Two Unidentified CDCR Officers; and a claim in Count Six against
17   Defendants Adams, Singh, and Meeks.

18   The Court did not direct that service be made on Defendants Two Unidentified CDCR
19   Officers because the Court was unable to identify them and because it is virtually impossible
20   for the United States Marshal to serve a summons on unknown persons. The Court did not
21   dismiss the claims against those Defendants and stated that Plaintiff could use the discovery
22   process to obtain their names and, if Plaintiff discovered their names, could seek to amend
23   his Third Amended Complaint to name them.

24   The Court gave Plaintiff 30 days to complete and return to the Clerk of Court a Notice
25   of Submission of Documents and submit with the Notice a copy of the Third Amended
26   Complaint, a copy of the Court's October 20, 2009 Order, a completed summons for each
27   Defendant, and a completed USM-285 for each Defendant.

28

On November 30, 2009, Plaintiff returned the required papers (Doc. #18). On December 28, 2009, Plaintiff sent a Letter (Doc. #19) to the Clerk of Court "respectfully requesting to make the following changes to the Third Amended Complaint: various corrections throughout and an additional count/defendant." Plaintiff lodged a Fourth Amended Complaint (Doc. #20).

**II.     Plaintiff's Letter**

In the Court's August 17, 2009 Order, the Court specifically warned Plaintiff that:

> it is improper for a party to communicate directly with court personnel. Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is **unacceptable**. Any request for action by the Court must be in the form of a motion that is in the format required by the Local Rules of Practice of the United States District Court for the Eastern District of California (the Local Rules). **Any future letters directed to the Clerk of Court, the judge, or any court personnel will not be filed, will be stricken from the record, and will be returned to Plaintiff**.

Plaintiff has failed to comply with the Court's Order.

Moreover, Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading **once** within 21 days after serving it." (Emphasis added.) Beyond that, "a party may amended its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," id., Plaintiff has failed to identify why Plaintiff did not include the changes and additional count and Defendant in his prior amended complaints. Plaintiff did not include the names of the Two Unidentified CDCR Officers in his lodged Fourth Amended Complaint and the new count appears to relate to events that began before Plaintiff filed his *First* Amended Complaint. The Court finds that Plaintiff has had ample opportunities to formulate his causes of action in this case. The Court will deny Plaintiff's request to amend his Third Amended Complaint and will direct the Clerk of Court not to file the lodged Fourth Amended Complaint.

Accordingly,

. . . .

. . . .

TERMPSREF

- 3 -

**IT IS ORDERED:**

(1) Plaintiff's Letter (Doc. #19), seeking leave to amend, is **denied**.

(2) The Clerk of Court must **not file** the lodged Fourth Amended Complaint (Doc. #20).

(3) The Clerk of Court must send to the United States Marshal:

- (a) a copy of the Third Amended Complaint for each Defendant to be served,
- (b) a copy of the Court's October 20, 2009 Order for each Defendant to be served,
- (c) a completed and issued summons for each Defendant to be served,
- (d) a completed USM-285 for each Defendant to be served, and
- (e) a copy of this Order.

(4) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 120 days of the filing of this Order, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m).

(5) The United States Marshal must retain the Summonses, USM-285 forms, a copy of the Third Amended Complaint, a copy of the Court's October 20, 2009 Order, and a copy of this Order for future use.

(6) Within 10 days of the date this Order is filed, the United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order and the Court's October 20, 2009 Order.

(7) The United States Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.

(8) If a waiver of service of summons is not returned by a Defendant within 60 days from the date the request for waiver was sent by the United States Marshal, the Marshal must:

(a) personally serve copies of the Summons, the Third Amended Complaint, the Court's October 20, 2009 Order, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure, and shall command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this Order. The United States Marshal must maintain the confidentiality of all information provided by the CDCR pursuant to this Order.

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, the October 20, 2009 Order, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1   (11) Any answer or response must state the specific Defendant by name on whose
2 behalf it is filed. The Court may strike any answer, response, or other motion or paper that
3 does not identify the specific Defendant by name on whose behalf it is filed.

4   DATED this 21st day of February, 2010.

Mary H. Murgula
United States District Judge